NICHOLLS, J.
This case has been so often brought before this court in different proceedings that we deem it unnecessary to refer particularly to the issues involved therein.
Relator alleges: That on February 29, 1908, a mistrial was entered by the judge and the jury was discharged, and on that date he moved the court to fix the same for March 2d, which he (the judge) refused to do, and fixed the case for March 3d, ordering the clerk to notify the Attorney General to appear in said cause to assist in the trial at the request of the Governor. That on March 3d the judge refixed the case for the 23d of March, without ordering a special jury therefor, stating in open court that he would not do so,- except upon request of the Attorney General, and thereupon relator objected to-the continuance of the cause. That the judge is still refusing to order a special jury for the trial of the cause, claiming that he is expecting the attendance of the Attorney General on the 23d of March, and that he is following the instructions of the Governor and the Attorney General. That the district judge had violated his duty in refusing to draw a special jury for the trial of the ease and by fixing it for a date when no jury would be in attendance. He prayed for a mandamus to him to perform that duty.
The district judge answered. He alleged; That he had tried this case seven times with *96 out result; the jury in each trial failing to agree, so that a mistrial resulted in each instance. That in none of said trials did either side exhaust the peremptory challenges allowed by law.
Second. That on the seventh trial your respondent used every means in his power to induce the jury to find a verdict one way or the other; and kept the jury in confinement several days, all without avail.
Third. That long before the last trial respondent had become convinced that, owing to political conditions in the parish of Calcasieu, it was vain to expect a verdict in the ease; and respondent had frequently suggested that the case was a proper one for a motion for change of venue, but that relator for reasons unknown to respondent refused to file a motion for change of venue and persisted in repeated trials in Calcasieu,' which he must have known would be without result, as the previous ones had been.
Fourth. That by reason of the facts recited, and the attitude of the relator, respondent became convinced that the final disposition of the case would be expedited by the Attorney General of the state taking charge thereof, and that respondent instructed the clerk of the district court to ask the Attorney General to appear in the case. That at the same time respondent applied to the Governor of the state to instruct the Attorney General to take charge of the case; and that the Governor instructed the Attorney General to assume control of the case.
Fifth. That thereupon respondent reset the ■case for' the 2d of March and notified the Attorney General of the refixing; that, the Attorney General then notified respondent by both wire and by phone that owing to the stress of official business he could not be at Lake Charles on the 2d of March, and asked that the case be refixed for the 23d of March, and that at that time he intended to file a motion for change of venue, as he was convinced, “from my statement and for information derived from other sources,” that no result could be reached in the parish of Calcasieu. That thereupon respondent refixed the case for March 23d, with the understanding that a motion for change of venue would he filed and tried on that date, of all of which the relator had full and explicit notice..
Sixth. That thereafter, namely, on the 6th day of March, without the concurrence of the Attorney General and in antagonism to his wishes and plans, the relator asked that a jury be ■ drawn to try the case on the 23d, which, in view of the facts stated, of the wishes of the Attorney General, and of respondent’s intention to grant the change of venue, was refused; respondent seeing no necessity of putting the parish of Calcasieu to the needless expense of drawing and summoning a jury. All which will more clearly appear from a letter of the Attorney General hereto annexed and made part hereof.
Respondent declined to discuss the extraneous matters set out in relator’s application.
He prayed that the rule nisi be recalled, and for general and equitable relief.
A letter from the Attorney General accompanied respondent’s answer.
In view of its special facts, we find no reason for granting relator’s application. The case stands fixed for trial for the 23d of March. When that day is reached, if a jury should be needed, it will be the duty of the court to hold the case for trial and postpone it from day to day until a jury be obtained.
For the reasons assigned, it is ordered, adjudged, and decreed that relator’s application be denied.
PROVOSTY, X, not having had an opportunity to consider the case, takes no part,